## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Michele Zierold, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| Carnival Cruise Lines, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

AND NOW COMES Plaintiff Michele Zierold ("Plaintiff" or "Ms. Zierold"), by and through undersigned counsel, files this Original Complaint against Defendant Carnival Corporation d/b/a Carnival Cruise Line and alleges claims for race discrimination, hostile work environment, and retaliation - including discriminatory and retaliatory discharge - in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. In support, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1391. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

2.      Venue is proper in the Southern District of Texas under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because a substantial part of the unlawful employment practices occurred in this District. In particular, the hostile-work-environment and harassment events were carried out by Defendant's shipboard personnel aboard the Carnival Jubilee, a voyage that departed from Galveston, Texas, and the termination decision's effects were felt by Plaintiff in this District.

1

3.      Plaintiff filed a written EEOC Charge of Discrimination which was dual-filed with the Texas Workforce Commission. The EEOC later issued a Dismissal and Notice of Right to Sue dated July 31, 2025, and Plaintiff has filed instant suit within 90 days of receipt.

4.      Defendant is within the meaning of the Title VII and § 1981.

## PARTIES

5.      Plaintiff Michele Zierold can currently be found at 7736 S. Victor Ave. #20C, Tulsa, Oklahoma, 74136. Plaintiff was residing in Texas at the time of the allegations.

6.      At all relevant times, Defendant Carnival Cruise Lines was and is a domestic for-profit organization under corporate ownership operating in and under the laws of Texas. Carnival Cruise Lines's registered agent, National Registered Agents, Inc, can be served at 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136, USA. Carnival Cruise Lines is located in Texas.

## FACTS

7.   Carnival hired Plaintiff on or about August 1, 2021, as a Personal Vacation Planner ("PVP") and later moved her into the Fun Expert role. Her work included promoting cruise sales, acting on leads, presenting products, maintaining customer relations, meeting sales goals, and providing online support. Supervisors included Daniel Kramer, Daniel Siegal, and Jodi Cordero. By all accounts, her performance was satisfactory.

8.   Before and during her employment, Plaintiff was a loyal Carnival guest for 10+ years. She typically paid for her cruises (not using free or 35% employee fare discounts). She used onboard employee discounts by showing an employee badge as required.

9.   Plaintiff sailed as a paying guest on the Carnival Jubilee cruise departing Galveston, Texas, approximately April 27–May 5, 2024 (Mahogany Bay, Costa Maya, Cozumel itinerary).

10. On or about April 28, 2024, while playing the "Buffalo" slot machines with a guest who introduced herself as "Ann," Ann became agitated, and after a casino host intervened and deemed Ann in the wrong, Plaintiff resumed play and hit a jackpot. Ann then punched Plaintiff in the arm and chest and when Plaintiff – taken aback – asked if Ann had just hit her, she screamed, "I sure did, you fucking n***** bitch," before running to the front desk to accuse Plaintiff. Security responded to Ann, while Plaintiff - visibly distraught - sought help. Back in the casino, Security shoved and restrained Plaintiff against slot machines, telling her to "calm down," despite witnesses stating Plaintiff was not the aggressor.

11. Two shipboard security officers - an Indian male and a Hispanic female - separated Plaintiff, harassed and blamed her, with the male guard calling Plaintiff the n-word and saying, "You people constantly get on our ships and start trouble…especially on the Jubilee." Security further credited Ann's false statements that Plaintiff possessed and used cocaine and a marijuana device in the casino and had asked Ann for money - accusations Plaintiff denied and asked to verify by reviewing cameras or using drug dogs.

12. When Plaintiff reminded Security that Ann had twice struck her and that passengers who assault others are removed from the ship (as per standard operating procedure), the male guard retorted, "We know your people cannot read", and threatened that if Plaintiff pressed charges she would be jailed on the ship until May 1, turned over to Costa Maya, Mexico authorities, and told, "Good luck getting back to Galveston." This was a misrepresentation of jurisdiction and served to intimidate Plaintiff into signing a written statement under duress to avoid being jailed or put off the ship.

13. Plaintiff attempted to report the incident to Guest Services, where she learned the directors of Guest Services and Security were unaware of the episode. Throughout the voyage,

Plaintiff endured continued harassment and sought refuge in the ship's club. Plaintiff never received a copy of any incident report purportedly sent to corporate.

14. Following the assault, shipboard Security continued to target Ms. Zierold. Although she was on a Premier (casino) cruise, Security banned her from the casino, monitored her constantly, and on multiple occasions pulled her out of the ship's club (the only place she felt safe) to question her and to accuse her - falsely - of "harassing" Ann. Security had previously forced Plaintiff up against slot machines, and later picked up and physically carried Plaintiff and witness Kristy Rodriguez off the casino floor into a back room. Meanwhile, Ann was allowed free run of the casino and was provided free-play money and drinks, which placed her at the machines next to Plaintiff despite the assault report. Plaintiff also had jackpot funds still locked in a slot machine that required her to return to the casino, yet Security's ban and monitoring made that both difficult and intimidating. Because Security threatened that she could be jailed or put off the ship, Ms. Zierold did not disembark at ports out of fear she would be denied re-boarding. Guest Services provided no meaningful assistance.

15. On or about May 6, 2024, Jodi Cordero (Plaintiff's Supervisor) contacted Plaintiff about the incident but said she could not find the report. About a week later, Cordero asked Plaintiff to provide a statement so it could be "compared" to the incident report. On May 13, 2024, during a Microsoft Teams meeting with HR, Carnival terminated Plaintiff's employment, stating that her statement "did not match" an incident report and that she failed to meet code of conduct/brand standards; HR refused to let Plaintiff view the report. Her separation became effective May 17, 2024.

16. Plaintiff reported being physically assaulted and subjected to racial slurs by a guest and racial harassment by Security; she opposed the discriminatory and defamatory conduct and sought review of objective evidence (casino cameras). The close temporal proximity between Plaintiff's reports and termination supports an inference of racial discrimination and retaliation.

17. Plaintiff filed an EEOC Charge of Discrimination alleging race discrimination. The EEOC issued a Dismissal and Notice of Right to Sue dated July 31, 2025; Plaintiff is filing this instant suit within 90 days of receipt.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered economic loss (including back pay and lost benefits), emotional distress, humiliation, and damage to reputation; and she continues to suffer future pecuniary losses. Plaintiff also seeks punitive damages based on the malicious and/or recklessly indifferent conduct alleged herein.

19. Plaintiff has identified multiple witnesses - including Kristy Rodriguez (present during the casino events), other guests who observed her treatment during the cruise or can attest to her work character, and co-workers/supervisors with knowledge of Carnival's practices - who can corroborate the facts and damages alleged.

20. All administrative remedies have been exhausted.

### COUNT I
### *Michele Zierold v. Carnival Cruise Lines*
### TITLE VII – RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

21.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

22.    Plaintiff is a Black woman and thus a member of a protected class.

23.    Defendant terminated Plaintiff on or about May 13, 2024 (effective May 17, 2024) after she reported being racially abused by a passenger and racially harassed by shipboard Security; HR said her account "did not match" an incident report it refused to show her and cited "code of conduct/brand standards." These reasons are false and pretextual.

24.    During the April–May 2024 cruise, Security restrained, blamed, and harassed Plaintiff, used the n-word, and said "you people constantly get on our ships and start trouble," while crediting false drug accusations - conduct that was severe or pervasive, unreasonably interfered with her conditions of employment, and is imputable to Defendant.

25.    Plaintiff engaged in protected activity by reporting race-based abuse/harassment and opposing discrimination; Defendant terminated her within days of those reports, establishing causal proximity.

26.    As a proximate result of Defendant' unlawful disability discrimination, retaliation, and wrongful termination, Plaintiff has suffered damages as set forth herein, including substantial lost wages.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra.*

## COUNT II
### *Michele Zierold v. Carnival Cruise Lines*
### 42 U.S.C. § 1981 – RACE DISCRIMINATION AND RETALIATION

27.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

28.    Plaintiff enjoyed rights to make and enforce contracts (including the at-will employment relationship) free from race discrimination and retaliation. Defendant intentionally

terminated and otherwise adversely treated Plaintiff because of race and because she opposed race discrimination, including by reporting racist assault and Security's racist conduct.

29.     Defendant's stated reasons (brand standards / statement "did not match" a report it withheld) are pretext for discrimination/retaliation.

30.     No administrative exhaustion is required for § 1981. Plaintiff seeks all legal and equitable relief, including uncapped compensatory and punitive damages, back/front pay, and attorney's fees (via 42 U.S.C. § 1988).

31.     Defendant's retaliatory conduct was intentional, malicious, and in reckless indifference to Ms. Zierold's protected rights.

WHEREFORE, Plaintiff seeks the damages, including punitive damages under the TCHRA, set forth in the *ad damnum* clause of this Complaint, *infra*.

### COUNT III
### *Michele Zierold v. Carnival Cruise Lines*
### DEFAMATION (PER SE AND PER QUOD)

32.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

33.     Defendant's agents (shipboard Security) published false statements about Plaintiff to third parties - including that she possessed/used cocaine and a marijuana device on the casino floor and asked a guest for money - and otherwise impugned her honesty and lawfulness. These statements were false, defamatory, and made at least with negligence, and on the record as alleged, with actual malice. On information and belief, Carnival's Security personnel communicated these false accusations to shipboard management and Human Resources, who relied on them in deciding to terminate Plaintiff. The accusations were also overheard and repeated by other guests and employees aboard the ship.

34.    The statements constitute defamation per se because they impute criminal conduct and are injurious to Plaintiff's profession and reputation; damages are presumed. Plaintiff also suffered special damages, including reputational and economic harm. Witnesses heard and repeated the accusations during and after the cruise.

35.    Defendant is vicariously liable because its Security personnel were acting within the course and scope of their employment and/or with apparent authority when they made/published the statements.

36.    Therefore, Plaintiff prays that Defendant be duly cited to appear and answer herein, and that after a trial on the merits, Plaintiff receives a judgment against Defendant for the following:

    a.   In excess of $3 million in actual and compensatory damages;

    b.   $1 million in future and statutory damages;

    c.   In excess of $1 million in punitive damages;

    d.   Pre- and post-judgment interest thereon at the maximum legal rate;

    e.   Court costs; and

    f.   Such other and further relief to which Plaintiff may be justly entitled.

## PRAYER FOR RELIEF and DEMAND FOR JURY

WHEREFORE, Plaintiff demands judgment against Defendant and damages in excess of $75,000 as follows:

    a.   That Plaintiff be awarded actual, consequential, compensatory, and punitive damages to make Plaintiff whole, including back pay with pre-judgment interest, front pay, and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant Carnival Cruise Lines's discrimination, retaliation, harassment, hostile treatment, and wrongful termination of Ms. Zierold pursuant to the Title VII and § 1981, and corresponding state law claims, plus interest;

b.  That Plaintiff be awarded compensatory damages to compensate for all costs associated with the discrimination, retaliation, harassment, hostile work environment, and wrongful termination, including lost wages and medical expenses;

c.  That Plaintiff be awarded nominal damages;

d.  That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendant Carnival Cruise Lines for their intentional, wanton, and malicious conduct and to deter similar misconduct;

e.  That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees;

f.  That the Court enter a judgment declaring Defendant Carnival Cruise Lines's actions to be unlawful and in violation of Title VII, and § 1981;

g.  That Defendant Carnival Cruise Lines be required to compensate Plaintiff for lost benefits, including profit-sharing and/or pension benefits;

h.  That Plaintiff receive an award of pre-judgment interest;

i.  That Plaintiff be awarded such further relief as deemed to be just and proper; and

j.  That Plaintiff be awarded all available and punitive damages under the Intentional Infliction of Emotional Distress count.

Date:   October 29, 2025                                  Respectfully submitted,

                                                 /s/ Alvin Adjei
                                                 Alvin Adjei
                                                 Texas Bar: 24082259
                                                 HKM Employment Attorneys LLP
                                                 1201 Fannin St., Suite 202
                                                 Houston, TX 77002
                                                 Telephone: 832-356-2684
                                                 Fax: 832-356-2684
                                                 aadjei@hkm.com
                                                 **ATTORNEY FOR PLAINTIFF**